UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Indictment No. CR 615-13 |
| ) | |
| WINDSOR PRIMOUS ) | |

## PLEA AGREEMENT

Defendant Windsor Primous, represented by her counsel, W. Keith Barber, and the United States of America, represented by Assistant United States Attorney Lamont A. Belk, have reached a plea agreement in this case. The terms and conditions of that agreement are as follows.

1. <u>Guilty Plea</u>

Defendant agrees to enter a plea of guilty to Count One of the Indictment charging a violation of 18 U.S.C. § 1341 (Mail Fraud).

2. <u>Elements and Factual Basis</u>

   a. <u>Count One of the Indictment</u>

The elements necessary to prove the offense charged in Count One of the Indictment are (1) the Defendant knowingly devised or participated in a scheme to defraud someone, or obtain money or property, using false or fraudulent pretenses, representations, or promises; (2) the false or fraudulent pretenses, representations, or promises were about a material fact; (3) the Defendant intended to defraud someone; and (4) the Defendant used the United States Postal Service by mailing or

causing to be mailed something meant to carry out the scheme to defraud. Defendant agrees that she is, in fact, guilty of the offense charged in Count One of the Indictment. She agrees to the accuracy of the following facts, which satisfy each of this offense's required elements:

Beginning in or about October 2007, and continuing until in or about October 2014, within the Southern District of Georgia and elsewhere, the defendant, WINDSOR PRIMOUS, devised and intended to devise a scheme to defraud and for obtaining money and property by materially false and fraudulent pretenses, representations, and promises.

### The Purpose of the Scheme to Defraud

It was the purpose of the scheme to defraud that the defendant, WINDSOR PRIMOUS, would and did steal FECA benefits by various devices, including the mailing of numerous false OWCP 957 forms claiming mileage reimbursement for phony medical appointments.

### The Manner and Means of the Scheme to Defraud

It was part of the scheme to defraud that the defendant, WINDSOR PRIMOUS, would create numerous false OWCP 957 forms by listing mileage, medical facilities and dates of travel for medical appointments that did not exist or occur.

It was further part of the scheme to defraud that the defendant, WINDSOR PRIMOUS, would certify the false OWCP 957 forms that she created as true and accurate.

It was further part of the scheme to defraud that the defendant, WINDSOR PRIMOUS, would mail to the Jacksonville, Florida, office of the OWCP false OWCP 957 forms.

It was further part of the scheme to defraud that the defendant, WINDSOR PRIMOUS, would cause the OWCP to issue and mail numerous Unites States Treasury checks for reimbursement she falsely claimed on fake OWCP 957 forms that she created and submitted.

On or about September 10, 2014, the defendant, WINDSOR PRIMOUS, for the purpose of executing the above-described scheme to defraud and obtain FECA benefits, by means of materially false and fraudulent pretenses, representations and promises, and attempting to do so, did knowingly cause to be delivered by the United States Postal Service, according to the directions thereon, an OWCP Form 957 mailed from Georgia to Jacksonville, Florida.

All done in violation of Title 18, United States Code, Section 1341.

3. <u>Possible Sentence</u>

Defendant's guilty plea will subject her to the following maximum possible penalties for Count One of the Indictment:  not more than 20 years of imprisonment, 3 years of supervised release, a $250,000 fine, and such restitution as may be ordered by the Court. The Court additionally is obliged to impose a $100 special assessment for this count of the Indictment.

4. <u>No Promised Sentence</u>

3

No one has promised Defendant that the Court will impose any particular sentence or a sentence within any particular range. The Court is not bound by any estimate of sentence given or recommendations made by Defendant's counsel, the government, the U.S. Probation Office, or anyone else. The Court may impose a sentence up to the statutory maximum. Defendant will not be allowed to withdraw her plea of guilty if she receives a more severe sentence than she expects.

5. Court's Use of Guidelines

The Court is obligated to use the United States Sentencing Guidelines to calculate the applicable guideline range for Defendant's offense and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a), in determining her sentence. The Sentencing Guidelines are advisory; the Court is not required to impose a sentence within the range those Guidelines suggest. The Sentencing Guidelines are based on all of Defendant's relevant conduct, pursuant to U.S.S.G. § 1B1.3, not just the facts underlying the particular Count to which Defendant is pleading guilty.

6. Agreements Regarding Sentencing Guidelines

   a. Acceptance of Responsibility

The government will not object to a recommendation by the U.S. Probation Office that Defendant receive a two-level reduction in offense level for acceptance of responsibility pursuant to Section 3E1.1(a) of the Sentencing Guidelines. If the U.S. Probation Office makes that recommendation, and Defendant's offense level is 16 or greater prior to any reduction for acceptance of responsibility, the government

4

will move for an additional one-level reduction in offense level pursuant to Section 3E1.1(b) based on the Defendant's timely notification of her intention to enter a guilty plea.

    b.    <u>Loss Amount</u>

The government and Defendant agree to recommend to the U.S. Probation Office and the Court at sentencing that the amount of loss, for purposes of Section 2B1.1 of the Sentencing Guidelines, is more than $150,000 and less than $250,000.

    c.    <u>Sentence Recommendation</u>

The government will recommend that Defendant be sentenced to a term of probation.

    d.    <u>Use of Information</u>

The government is free to provide full and accurate information to the Court and U.S. Probation Office for use in calculating the applicable Sentencing Guidelines range.

7.    <u>Restitution</u>

The amount of restitution ordered by the Court shall include restitution for the full loss caused by Defendant's total criminal conduct. Restitution is not limited to the specific counts to which Defendant is pleading guilty. Any payment schedule imposed by the Court is without prejudice to the United States to take all actions and remedies available to it to collect the full amount of the restitution. Any restitution judgment is intended to and will survive Defendant, notwithstanding the abatement of any underlying criminal conviction.

8. <u>Forfeiture</u>

   a. Defendant hereby agrees to the entry of an Order of Forfeiture reflecting a money judgment in the amount of actual loss as determined by the Court at sentencing.

   b. Defendant acknowledges that the above-referenced amount represents the proceeds obtained as a result of the offense to which she enters a plea of guilty.

   c. Defendant acknowledges the proceeds Defendant gained perpetrating the offense have been depleted by the Defendant and the United States has not been able to identify any property of the Defendant that could be forfeited as substitute assets in accordance with 21 U.S.C. § 853(p).

   d. Defendant agrees that the government may move at any time, pursuant to Rule 32.2(e), to forfeit specific property of the Defendant having a value up to the amount of the money judgment as substitute assets. In the event the government exercises its right to forfeit substitute assets, the Defendant agrees to take all steps requested by the United States to pass clear title to the substitute property or currency in satisfaction of the money judgment to the United States and to testify truthfully in any judicial forfeiture proceeding.

   e. The Defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds. The Defendant stipulates that forfeiture of the above-referenced money judgment is not constitutionally excessive and is justified in light of the offense for

which the Defendant will be convicted upon entry of a guilty plea(s) pursuant to this Plea Agreement. The Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that she understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise her of this, pursuant to Rule 11(b)(l)(J), at the time the guilty plea is accepted.

9.  Dismissal of Other Counts

At sentencing, the government will move to dismiss any other Counts of the Indictment that remain pending against the Defendant.

10. Waivers

   a.  Waiver of Appeal

Defendant entirely waives her right to a direct appeal of her conviction and sentence on any ground. The only exceptions are that the Defendant may file a direct appeal of her sentence if (1) the Court enters a sentence above the statutory maximum, (2) the Court enters a sentence above the advisory Sentencing Guidelines range found to apply by the Court at sentencing; or (3) the government appeals the sentence. By signing the plea agreement, Defendant explicitly instructs her attorney not to file an appeal unless one of the three exceptions is met.

   b.  Waiver of Collateral Attack

Defendant entirely waives her right to collaterally attack her conviction and sentence on any ground and by any method, including but not limited to a 28 U.S.C. § 2255 motion. The only exception is that the Defendant may collaterally attack her conviction and sentence based on a claim of ineffective assistance of counsel.

c. <u>FOIA and Privacy Act Waiver</u>

Defendant waives all rights, whether asserted directly or through a representative, to request or receive from any department or agency of the United States any record pertaining to the investigation or prosecution of this case under the authority of the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, and all subsequent amendments thereto.

d. <u>Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 Waiver</u>

Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence ordinarily limit the admissibility of statements made by a defendant during the course of plea discussions or plea proceedings. Defendant knowingly and voluntarily waives the protections of these rules. If Defendant fails to plead guilty, or her plea of guilty is later withdrawn, all of Defendant's statements in connection with this plea, and any leads derived therefrom, shall be admissible for any and all purposes.

11. <u>Required Financial Disclosure</u>

Not later than 30 days after the entry of her guilty plea, Defendant shall provide to the United States, under penalty of perjury, a financial disclosure form listing all her assets and financial interests, whether held directly or indirectly,

solely or jointly, in her name or in the name of another. The United States is authorized to run credit reports on Defendant and to share the contents of the reports with the Court and U.S. Probation.

12. <u>Defendant's Rights</u>

Defendant has the right to be represented by counsel, and if necessary have the Court appoint counsel, at trial and at every other critical stage of the proceeding. Defendant possesses a number of rights which she will waive by pleading guilty, including: the right to plead not guilty, or having already so pleaded, to persist in that plea; the right to a jury trial; and the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

13. <u>Satisfaction with Counsel</u>

Defendant has had the benefit of legal counsel in negotiating this agreement. Defendant believes that her attorney has represented her faithfully, skillfully, and diligently, and she is completely satisfied with the legal advice given and the work performed by her attorney.

14. <u>Breach of Plea Agreement</u>

If Defendant breaches the plea agreement, withdraws her guilty plea, or attempts to withdraw her guilty plea, the government is released from any agreement herein regarding the calculation of the advisory Sentencing Guidelines or the appropriate sentence. In addition, the government may (1) declare the plea

agreement null and void, (2) reinstate any counts that may have been dismissed pursuant to the plea agreement, and/or (3) file new charges against Defendant that might otherwise be barred by this plea agreement. Defendant waives any statute-of-limitations or speedy trial defense to prosecutions reinstated or commenced under this paragraph.

15.   Entire Agreement

This agreement contains the entire agreement between the government and Defendant.

This ____ day of _____, 2016.

EDWARD J. TARVER
UNITED STATES ATTORNEY

_____
Lamont A. Belk
Assistant United States Attorney

_____
Nancy C. Greenwood
Deputy Chief, Criminal Division

10

I have read and carefully reviewed this agreement with my attorney. I understand each provision of this agreement, and I voluntarily agree to it. I hereby stipulate that the factual basis set out therein is true and accurate in every respect.

02-26-2016
Date

_Windsor Primous_
Windsor Primous, Defendant

03-11-2016
_Wwilson Primous_

I have fully explained to Defendant all of her rights, and I have carefully reviewed each and every part of this agreement with her. I believe that she fully and completely understands it, and that her decision to enter into this agreement is an informed, intelligent, and voluntary one.

2-26-16
Date

_W K Barber_
W. Keith Barber, Defendant's Attorney

11